(10 App. Div. 419.)

KAM v. BENJAMIN et al.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

1. CONTRACTS—PRESUMPTION OF CONSIDERATION—HOW OVERCOME.

The presumption of consideration for a sealed agreement is not overcome by proof that the nominal consideration was not paid, without proof that the act which was the real consideration, was not performed after the agreement was executed.

2. APPEAL—WHEN RIGHT IS LOST.
    Plaintiff in a foreclosure suit does not lose his right to appeal from a decision giving another lien priority, because he has judgment in accordance with such decision entered on his own motion without opposition.

Appeal from special term, Kings county.

Action by John Kam against Henrietta Benjamin and the Fred. Hower Brewing Company to foreclose a mortgage on the property of the brewing company. From a judgment directing a sale of the property subject to Henrietta Benjamin's mortgage as a first lien, plaintiff appeals. Reversed in part.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Richard T. Greene, for appellant.

Almet F. Jenks, for respondent.

BROWN, P. J. This action was brought to foreclose a mortgage made by the Fred. Hower Brewing Company, Limited, to the plaintiff, upon real estate in the city of Brooklyn. The complaint alleged that Henrietta Benjamin, the respondent on this appeal, claimed a lien upon the mortgaged premises, which accrued subsequent to the plaintiff's mortgage. The respondent answered, alleging that she was the owner and holder of a mortgage upon the said premises, which was a first lien thereon. The issue thus raised by the pleadings was decided in the respondent's favor upon the trial thereof, at the special term, by Mr. Justice Wilmot M. Smith, and judgment was entered in accordance with such decision, directing a sale of the mortgaged premises subject to the respondent's mortgage. From so much of the judgment as adjudged the respondent's mortgage to be a first lien upon the mortgaged premises, and directing a sale thereof subject to such mortgage, plaintiff has appealed to this court.

The plaintiff's mortgage is subsequent in date to the mortgage held by the respondent, but it is prior upon the record. The relative dates of the two mortgages are March 22, 1892, and January 3, 1893. Both were recorded on January 6, 1893,—that of the plaintiff at 1:50 p. m., and that held by the respondent at 3:20 p. m. The special term gave priority to the respondent's mortgage, on the ground that the plaintiff had notice of the existence thereof when he took his mortgage and this conclusion is supported by the testimony given upon the trial. It appeared, however, that the respondent's mortgage was originally made to one Richard G. Phelps, who on January 10, 1893, assigned the same and the accompanying bond to John P. McGraw, who on May 17, 1894, assigned said securities to Emily J. McGraw, and she subsequently assigned them to the respondent. On January 14, 1894, said Phelps and McGraw executed, duly acknowledged, and delivered to the plaintiff an instrument, of which the following is a copy:

"Whereas, The Fred. Hower Brewing Company, Limited, of Brooklyn, N. Y., has applied to John Kam, of Buffalo, N. Y., for a loan of seventy thousand dollars; and whereas, the said John Kam has consented to make a loan of said amount to the said Fred. Hower Brewing Company, Limited, upon condition that the said company secure said sum of money by executing and delivering its bond for said

amount, and securing the same by giving a mortgage upon its real estate; and whereas, it appears from the records of the register's office of the county of Kings that Richard G. Phelps has a mortgage for $15,000.00, given to him by the said brewing company upon its real estate, which mortgage bears date March 22nd, 1892, and recorded in the register's office of Kings county, in Liber 2454 of Mortgages, at page ——, January 6th, 1893, and assigned to John P. McGraw: And now, therefore, in consideration of one dollar paid by the said John Kam to the said Richard G. Phelps and John P. McGraw, and in consideration that the said John Kam makes said loan to said Fred. Hower Brewing Company, Limited, the said Richard G. Phelps hereby agrees and covenants with the said John Kam that the mortgage given to him as aforesaid, and which bears date March 22nd, 1892, and recorded in the register's office of Kings county, should be considered and treated inferior and subsequent to the mortgage which the said Fred. Hower Brewing Company, Limited, has given or may give to the said John Kam upon the premises described in said Phelps' mortgage as security for the said loan of seventy thousand dollars; it being the intention of this agreement that the mortgage given to Kam for his said loan of seventy thousand dollars should be a lien upon said premises prior to that of the mortgage given to said Phelps, as aforesaid.

"In witness whereof, the said Richard G. Phelps and John P. McGraw have set their hands and seals, this 14th day of January, 1893.

"The words, 'and John          Richard G. Phelps. [L. S.]
P. McGraw,' on the 18 line          John P. McGraw. [L. S.]"
of the first page were in-
serted before execution.
          "Edwin S. Keeler."

This instrument was duly recorded on January 17, 1893. The learned judge who heard the case at the special term decided that this instrument was made without consideration, and consequently did not estop the respondent from claiming priority of lien for her mortgage.

We are of the opinion that this ruling cannot be sustained. This instrument expressed a consideration of one dollar, and it was shown that that sum was not paid. It is quite apparent, however, that, if the plaintiff made his loan to the brewing company in reliance upon the agreement of the holder of the Phelps mortgage that the lien of that security would be postponed to the lien of the plaintiff's mortgage, such agreement would have the support of a sufficient consideration, independent of the sum of one dollar expressed therein. While it does not appear from the oral testimony at what date the plaintiff paid the amount of his loan to the brewing company, it does appear from the recitals in the agreement itself that the loan had not been made at the time that instrument was executed. The recitals are that the brewing company had applied to the plaintiff for a loan, and that he had consented to make it; and the stipulation is that, in consideration that said plaintiff make such loan to the brewing company, the Phelps mortgage should be subsequent to the mortgage which the said brewing company had given to the plaintiff. The oral testimony of Mr. Brendel, the plaintiff's attorney, was that he met Mr. Phelps in the register's office on January 6th, when he went there to record the plaintiff's mortgage; and, when he ascertained from the record the existence of the Phelps mortgage, he told him and Mr. Hower, the president of the brewing company, that he would not consent that the plaintiff should advance one dollar on the loan, unless he had an agreement signed by Phelps, postponing his mortgage to that of the plaintiff. After that conversation he

prepared the agreement in question, and when he presented it to Mr. Phelps for execution he was told that the bond and mortgage had been assigned to Mr. McGraw; and thereafter, and on January 14th, it was executed under seal and acknowledged by both Phelps and McGraw. The seal imported a consideration, and the burden was imposed upon the respondent to overcome the presumption arising therefrom. And in view of the recitals which I have referred to, we think the lack of a consideration was not shown by merely proving that the sum of one dollar, expressed therein, had not been paid. It was incumbent upon the respondent to show that the plaintiff had paid the amount to the brewing company before the agreement was executed, if such was the fact. If that fact had appeared, the ruling of the learned trial court could be sustained, but, in the absence of such proof, we think the respondent did not successfully bear the burden of proof which rested upon her.

It is contended by the respondent that the appellant has not properly brought the case into this court, and that his appeal must be dismissed. It appears from the record before us that after the issue raised by the respondent's answer had been decided at the special term, and the decision filed, the plaintiff's attorney moved, at special term, before Mr. Justice Gaynor, for an order of reference to compute the amount due on the plaintiff's mortgage. This motion was made upon an affidavit which stated all the facts essential to authorize the court to make such an order, and, in addition, that the issue raised by the respondent's answer had been duly tried and determined in the respondent's favor. Thereupon an order of reference was made to compute the amount due upon the plaintiff's mortgage, and upon the coming in of the referee's report the plaintiff's attorney moved, before Mr. Justice Osborne, at special term, for judgment. Thereupon the usual judgment of foreclosure and sale was granted, which recited that it was made on motion of the plaintiff's attorney, "no one appearing to oppose." After the entry of that judgment, exceptions to Mr. Justice Smith's decision were filed by the plaintiff's attorney, and an appeal taken from part of the judgment as hereinbefore stated. It is the respondent's contention that the judgment, having been entered on the plaintiff's motion without opposition from the other parties, is to be treated as entered by consent, and that the plaintiff cannot appeal therefrom. There is no question as to the general rule that the court will not entertain an appeal from an order or a judgment entered by consent, but that rule has no application to such a case as this. The plaintiff was entitled to a judgment of foreclosure and sale. The only question at issue in the action was whether the mortgaged property should be sold subject to the respondent's mortgage, or whether she should, as the result of the sale, be barred and foreclosed of all right and interest in the land. In entering the judgment as he did, the plaintiff's attorney followed the direction of Justice Smith's decision. The respondent was not interested in entering any judgment whatever, and the plaintiff did the only thing he could do in taking such judgment as the court awarded him. In so doing he cannot be said to have entered the judgment by consent, or to have acquiesced in

the decision of the court. It is no answer to this to say that the plaintiff might have moved for a new trial before the trial judge, or have entered an interlocutory judgment upon Justice Smith's decision, and moved for a new trial in this court. He might have pursued either of these remedies; but he could, we think, also enter a final judgment, expressing the determination of the court, and appeal, as he did, from the part thereof of which he felt aggrieved. We are not referred to any provision of the Code of Civil Procedure which forbids such an appeal.

The judgment must be modified by striking out the words, "except the defendant Henrietta Benjamin," from that part thereof adjudging the effect of the sale of the property upon the defendants, and in other respects, so far as appealed from, must be reversed, with costs of appeal. All concur.